(Reap. Dec. 8359)

PEDER DE VOLD OIL Co., INC., ET AL. v. UNITED STATES

Entry No. 702366, etc.

(Decided November 24, 1954)

*Lane, Young & Fox* for the plaintiffs.
*Warren E. Burger*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: The proper value for duty purposes of certain steel drums exported from Iceland filled with duty-free cod-liver oil during the years 1943 to 1946, inclusive, is the subject of the appeals for a reappraisement enumerated in schedule "A," attached to and made part of the decision herein.

It has been stipulated and agreed by the parties hereto that the issues involved in said appeals are similar in all material respects to those in *United States* v. *E. R. Squibb & Sons et al.*, 42 C. C. P. A. (Customs) 23, C. A. D. 564—wherein it was held that the steel drums were properly dutiable in their condition as imported on the basis of United States value, as defined in section 402 (e) of the Tariff Act of 1930 (19 U. S. C. § 1402 (e)), as amended by the Customs Administrative Act of 1938—and that the record in said case may be incorporated into the records of the present appeals for a reappraisement.

The parties have further stipulated and agreed that the value or price, at the time of exportation of the involved steel drums to the United States, at which such or similar drums were freely offered for sale for domestic consumption, packed ready for delivery, in the principal market of the United States to all purchasers, in the usual wholesale quantity and in the ordinary course of trade, was 50 cents per drum during the years 1943 to 1945, inclusive, and 60 cents per drum during 1946, and that plaintiffs waive and claim no allowance for cost of transportation, insurance, expenses from the place of shipment to the place of delivery, commission, profits, or general expenses.

It was also agreed that on or about the dates of exportation of the steel drums here involved such or similar drums were not freely offered

for sale in Iceland either for home consumption or for exportation to the United States.

Upon the uncontroverted facts, the court holds that the proper basis of value for the imported drums in issue is United States value, as that value is defined in section 402 (e) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, and that such value was 50 cents each for the drums exported during the years 1943 to 1945, inclusive, and 60 cents each for the drums exported during 1946, less the item of duty in each instance.

Judgment will be entered accordingly.